NETTIE THOMPSON, Respondent, *v.* CHARLES E. ADAMS, Appellant.

*A letter, in answer to which a letter received in evidence was written, is competent.*

A domestic servant, after leaving her master's employ, brought an action against her master to recover wages for a period of about five years. The defendant pleaded payment.

It appeared that the plaintiff said nothing about her claim when she left the master's service, and that, after an absence of about three months, she wrote a letter inclosing her bill for services and demanded payment. The letter ran as follows : · "This is the answer to the letter you told your wife to write to me. Many thanks fore it and am very glad to know you think so well of me since I left your place. Now I have seen a party about this bill and they told me you would have to pay it, so I will give you just one week to deside in what you will do and if I don't here from you in a week I shall know you don't intend to pay me, then I shall get some one to collect it fore me."

The letter written by the defendant's wife to the plaintiff, and referred to in the plaintiff's letter, was as follows: "Mrs. N. Thompson: It is the wish of both Mr. Adams and myself that you keep away from our home as you set a very bad example for our daughter with your indecent actions. One would naturally think that now being married that you would have enough with one husband and stop running after a single man, which is not the actions of a lady. Mrs. C. E. Adams."

*Held*, that the defendant was entitled to have the last-mentioned letter received in evidence as it bore upon the motive and the good faith of the plaintiff and upon the justice of her claim.

APPEAL by the defendant, Charles E. Adams, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 20th day of May, 1902, upon the verdict of a jury, and also from an order bearing date the 19th day of May, 1902, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Frederick W. Sherman*, for the appellant.

*David Verplanck* [*Frederick B. Van Kleeck, Jr.*, with him on the brief], for the respondent.

PER CURIAM:

This is an action brought by a domestic servant for $792, for wages from February 1, 1896, to September 1, 1901. She alleged

that she had received but $24 during that period. The plaintiff was uncorroborated. The defendant pleaded payment. He testified that the plaintiff made no claim when she left his service, but after an absence of three months she wrote a letter inclosing her bill for services and demanding payment. The letter and bill were read in evidence, without objection. The letter ran : " This is the answer to the letter you told your wife to write to me. Many thanks fore it and am very glad to know you think so well of me since I left your place. Now I have seen a party about this bill and they told me you would have to pay it, so I will give you just one week to deside in what you will do and if I don't here from you in a week I shall know you don't intend to pay me, then I shall get some one to collect it fore me." The defendant then called upon the plaintiff to produce the letter referred to. This was done, and the defendant offered it in evidence. This was objected to and excluded under exception. The letter read as follows : " Mrs. N. Thompson : It is the wish of both Mr. Adams and myself that you keep away from our home as you set a very bad example for our daughter with your indecent actions. One would naturally think that now being married that you would have enough with one husband and stop running after a single man, which is not the actions of a lady. Mrs. C. E. Adams." We think that this letter should have been admitted. This is a claim for almost the entire total wages (which, presumably, were payable monthly) for four years. The defendant testifies and the plaintiff admits that she said nothing about her claim when she left service until she wrote the letter in evidence. It is quite apparent that the writing is that of an angry woman, who specifically states that it is an answer to a letter theretofore received by her. The letter rejected bore upon the motive and the good faith of the plaintiff and the justice of her claim.

The judgment and order should be reversed and a new trial be ordered, costs to abide the event.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ.

Judgment and order of the County Court of Westchester county reversed and new trial ordered, costs to abide the event.